UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

James Mills,

                Plaintiff,              6:24-CV-00973
                                         (MJK)

v.

Commissioner of the Social Security Administration,

                Defendant.

---

Bryan M. Konoski, Esq., Attorney for Plaintiff

Candace Brown Casey, Esq., Special Assistant United States Attorney for Defendant

Mitchell J. Katz, U.S. Magistrate Judge

**DECISION AND ORDER**

Mills moves the Court for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. 14). The Commissioner filed a response, taking no position other than requesting that the Court direct Konoski & Partners, P.C., to reimburse Mills the legal fees in the amount of $1,095.01 previously received by the firm under the Equal Access Justice Act ("EAJA"). (Dkt. 16). On October 29, 2024, the Court approved the parties' stipulation regarding EAJA fees in the amount of $1,095.01. (Dkt. 13). By Declaration of Service dated June 18, 2026,

Attorney Konoski attests that Mills has been notified about this motion in accordance with section (F)(2) of G.O. 18. (Dkt. 14-6). The motion seeks an award of $6,827.26.

## I.    DISCUSSION

On July 1, 2024, Mills entered into a contingency fee agreement with Konoski & Partners, P.C. under which Mills agreed to pay a twenty-five percent (25%) contingency fee on all past due benefits awarded to him, subject to repayment of any fees paid to Konoski & Partners, P.C. under the Equal Access to Justice Act ("EAJA"). (Dkt. 14-4).

Attorney Konoski attests that a total of 6 hours of attorney services were devoted to Mills's case in this Court. The services included a review to determine if Konoski & Partners, P.C., would accept the case, preparation of *in forma pauperis* application, preparation of a complaint, civil cover sheet, and summonses, and preparation of the settlement packet and email to resolve to resolve the EAJA fees. (Dkt. 14-5, at 2).

On June 3, 2026, the Social Security Administration issued a Notice of Award, finding Mills disabled and awarding him $62,196.35 in

past due benefits. (Dkt. 14-3). The sum of $20,732.25 was withheld by the Social Security Administration for attorney's fees. (*Id*.).

The Court must determine whether the attorney's fees award requested is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). To make this finding, the court "'determine[s] whether the contingency percentage is within the 25% cap' and then … 'whether there has been fraud or overreaching in making the agreement, and'—of particular importance here—'whether the requested amount is so large as to be a windfall to the attorney.'" *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)). "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." *Fields*, 24 F.4th at 854. These factors include: "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," "the nature and length of the professional relationship with the claimant," "the satisfaction of the disabled claimant," and "how uncertain it was that the case would result in an

award of benefits and the effort it took to achieve that result." *Id.* at 854-55.

Here, there is no evidence that there was fraud or overreaching in connection with the contingency fee contract, and the 25% contingency fee is compliant with 42 U.S.C. § 406(b)(1)(A). Konoski & Partners, P.C. is asking for significantly less than 25% of the award. The 25% contingency fee cap is $15,549.08, but the firm seeks an award of only $6,827.26.

Attorney Konoski and his firm have extensive experience in social security disability cases, holding certain qualifications and specializing in the appeal of social security disability cases to federal courts. (Dkt. 14-2, ¶ 15). Also, Konoski & Partners, P.C. handles cases nationwide and provides counsel and assistance to other attorneys and authorized representatives. (Dkt. 14-2, ¶ 15). Finally, Konoski & Partners, P.C. is a member of the National Organization of Social Security Claimants' Representatives (NOSSCR) and the National Association of Disability Representatives (NADR), two professional organizations for attorneys and representatives focusing on social security disability matters. (Dkt. 14-2, ¶ 21).

Next, the 6 hours spent by Konoski & Partners, P.C. representing Mills, reflects the efficiency that such a focused subject matter practice can bring to handling these types of cases. (Dkt. 14-5). There is no evidence that Mills is unsatisfied with the law firm's efforts. The nature of these cases makes a favorable result uncertain, yet the effort to achieve the result is a constant.

The Court finds that the effective hourly rate of $1,137.87 ($6,827.26/6 hours) is reasonable given Attorney Konoski's experience and the Court's understanding of hourly rates charged by attorneys with his level of experience in this community. *See Eric K. v. Berryhill*, No. 15-CV-00845, 2019 WL 1025791, *3 (N.D.N.Y. Mar. 4, 2019) (Sannes, J.) ($1,500 de facto hourly rate); *Kazanjian v. Astrue*, No. 09-CV-3678, 2011 WL 2847439, *2 (E.D.N.Y. July 15, 2011) ($2,100 de facto hourly rate). The Court finds that the total fee is reasonable and will not exceed 25% of the total of Mills's past-due benefits of $62,196.35.

**WHEREFORE**, it is hereby

**ORDERED**, that Konoski & Partners, P.C.'s motion is granted and the firm is awarded attorney's fees in the amount of $6,827.26, and it is further

**ORDERED**, that Konoski & Partners, P.C. shall refund to Mills any fees previously received under the EAJA, to wit, $1,095.01.

Dated: July 27, 2026.

Digitally signed by
Mitchell J Katz
Date: 2026.07.27
08:15:38 -04'00'

Hon. Mitchell J. Katz
U.S. Magistrate Judge